```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

EDWARD PICKETT (a/k/a CHRIS         §
ALAN a/k/a CA ENTERTAINMENT,        §
INC., a/k/a PINK MONKEY,            §
                                    §
         Plaintiff,                 §
                                    §
v.                                  §    CIVIL ACTION NO. H-08-2734
                                    §
CITY OF HOUSTON, and                §
BART TRUXILLO,                      §
                                    §
         Defendants.                §

## MEMORANDUM AND ORDER

Pending is Defendant City of Houston's Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(4) and 12(b)(5) (Document No. 18).[1]  After carefully considering the motion, response, and the applicable law, the Court concludes that the motion should be granted.

## I. Background

Plaintiff Edward Pickett ("Pickett") filed this civil rights action against Defendant City of Houston (the "City") seeking

---

[1] The City of Houston first filed a Motion to Dismiss the Complaint and Amended Complaint pursuant to Rule 12(b)(1), (3), (4), and (5) (Document No. 7).  That motion contains identical arguments concerning defects in process and service.  Because the Second Amended Complaint is the live pleading, the Court rules on the Motion to Dismiss the Second Amended Complaint (Document No. 18).

declaratory and injunctive relief, as well as damages.  Document No. 1.  Pickett also applied for a temporary restraining order to (1) enjoin the City from issuing any "frivolous" tickets to him or any patrons attending his night club--the Pink Monkey; and (2) enjoin the City and the Pink Monkey's landlord from evicting the Pink Monkey from its premises.  Document Nos. 1, 2.  The Court held a hearing, attended by counsel for all parties the day after the Complaint and motion for TRO were filed, and denied the motion for TRO.  Documents Nos. 5, 6.

When the City had not been served with summons and a copy of the Complaint within four and one-half months after the case was filed, the City moved to dismiss (Document No. 7), asserting, *inter alia*, that Pickett had (1) failed to serve one of the City's designated agents for service of process, and (2) failed to obtain a proper summons.  Document No. 7 at 3-4.  Nearly a month later, on February 19, 2009, Pickett filed his Second Amended Complaint averring that the City "[h]as been served with process by serving the City Secretary."  Document No. 16 at 5.  Plaintiff then filed a process server's "Affidavit of Service," which averred that the City was served via delivery to the City Secretary on February 18, 2009.  Attached to the affidavit was a copy of the process server's return of service, and what was purported to be a copy of the summons.  This putative "summons," however, did not bear the seal or signature of the Clerk of Court, and was not issued by the

2

Court.  The City then filed its second motion to dismiss, renewing its arguments regarding insufficiency of process and service of process.  Document No. 18.[2]

## II.  Discussion

The City contends that Pickett's one attempt to serve process was untimely and defective because it did not comply with the rules governing service.  Federal Rule of Civil Procedure 4(m) provides for dismissal of an action against a defendant who has not been properly served within 120 days after the filing of the complaint.  FED. R. CIV. P. 4(m).  If the plaintiff shows "good cause," the court must extend the time for service.  Id.  To establish "good cause," the plaintiff must "'demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice.'"  Lindsey v. U.S. R.R. Ret., 101 F.3d 444, 446 (5th Cir. 1996) (quoting Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993)).  Plaintiff, as the serving party, bears the burden of proving the validity of service or good cause for failure timely to serve.  See Sys. Signs Supplies v. U.S. Dep't of Justice,

---

[2] Generally speaking, a motion under Rule 12(b)(4) for "insufficiency of process" concerns defects in the summons, while a Rule 12(b)(5) motion for "insufficiency of service of process" challenges the mode of delivery or lack of delivery of the summons and complaint.  Gartin v. Par Pharm. Cos., 289 F. App'x 688, 692 n.3 (5th Cir. 2008) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2008)).

903 F.2d 1011, 1013 (5th Cir. 1990); Familia De Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980).

### Insufficient Process

Rule 4(a)(1) prescribes the requirements for a summons. FED. R. CIV. P. 4(a)(1). These requirements "are phrased in plainly mandatory language." Wells v. Ali, 304 F. App'x 292, 295 (5th Cir. 2008). As part of these requirements, plaintiffs must ensure that the summons (1) is signed by the clerk of court, (2) bears the court's seal, and (3) provides the name and address of the plaintiff's attorney (assuming plaintiff has counsel). FED. R. CIV. P. 4(a)(1)(C), (F), (G). The putative summons contained in Pickett's service on the City Secretary failed to satisfy these requirements. For this reason alone Pickett's claims are subject to dismissal for insufficiency of process. *See* Wells, 304 F. App'x at 295 (affirming dismissal because the summons issued to a particular defendant was defective because, among other reasons, it was not signed or sealed by the clerk of court); *see also* McGuire v. Sigma Coatings, Inc., 48 F.3d 902, 907-08 (5th Cir. 1995) (vacating sanctions order against the defendant for lack of personal jurisdiction when defendant had not been served with any document that conformed with the requirements for formal process); Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568-70 (3d Cir. 1996) (holding that a summons not issued and signed by the clerk

and affixed with the seal of the court fails to confer personal jurisdiction over a defendant even if properly served).  The Court's electronic filing system confirms that no summons was issued by the Clerk of Court in this case.

## Insufficient Service of Process

The process server's "Affidavit of Service" reflects that Pickett made no ostensible attempt to serve one of the City's designated agents under Rule 4(j) until February 18, 2009, more than five months after the Original Complaint was filed.  Document Nos. 17, 19.[3]  Pickett makes no effort to explain or to claim good cause for his failure timely to serve the City under Rule 4(j). Instead, Pickett makes two meritless arguments regarding waiver: (1) the City waived service because Pickett's counsel faxed a waiver form to the City's attorneys; and (2) the City waived service by appearing at the TRO hearing on September 10, 2008.

First, the request for waiver procedure cannot be utilized against defendants who are governmental entities.  FED. R. CIV.

---

[3] Rule 4(j) provides that state governmental organizations must be served by either "(A) delivering a copy of the summons and of the complaint to [their] chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant."  FED. R. CIV. P. 4(j)(2).  Under Texas law, "[i]n a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer."  TEX. CIV. PRAC. REM. CODE § 17.024 (Vernon 2008).  Here, Pickett had the process server deliver the Complaint and putative "summons" to the City Secretary.

P. 4, advisory committee's notes of 1993 (providing that the waiver of service procedure is available only against "defendants subject to service under [Rule 4](e), (f) or (h)" but not state or local governments subject to service under Rule 4(j)); *see also* HONORABLE DAVID HITTNER ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 5:92 (West 2008) (same).

Second, the City did not waive its process and service defenses by appearing at the TRO hearing. On the day that Plaintiff filed this suit and requested a TRO, the Court directed Plaintiff's counsel to notify defense counsel that a hearing was set on the TRO motion for the next morning at 9:00 a.m. When that hearing convened, the City's counsel appeared, stated that the City had not been served with summons and a copy of the Complaint, and spoke only to protect the City's immediate interests on Plaintiff's motion for a TRO. The City's mere attendance at the TRO hearing does not constitute waiver. Ayres, 99 F.3d at 568 (attending scheduling conferences and participating in discovery was not a waiver of process and service defenses when the defendant moved to dismiss based on those grounds in its answer); Johnson v. Masselli, No. 2:07 CV 214 PPS, 2008 WL 111057, at *3 (N.D. Ind. Jan. 4, 2008) (holding that the defendants had not waived a venue challenge under Rule 12(h) "merely [by] defend[ing] themselves against the TRO . . . . Quite simply, Defendants only did what was

necessary to protect their immediate interests.  This does not constitute a waiver.").

Moreover, in the first document it filed, *viz.*, its original Motion to Dismiss, the City reurged its objection to having not been lawfully served.  A defense of insufficient process or service of process, like the defenses of lack of personal jurisdiction and improper venue, may be waived if not timely raised in accordance with Rule 12(h), which requires such defenses to be raised in the first responsive pleading or the first Rule 12(b) motion.  FED. R. CIV. P. 12(h)(1); *see also* 1 JAMES WM. MOORE ET. AL., MOORE'S FEDERAL PRACTICE § 4.81[1] (3d. ed. 2000).  Here, the City did assert its defenses in the first document it filed, and again in its second Motion to Dismiss.  In sum, the City did not waive these defenses.

## Conclusion

The Court recognizes that it may enlarge the time for service even in the absence of good cause, *see* Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996), but the Court declines to do so here.  Plaintiff has not made even a minimal showing to warrant such leniency in this case.  Notwithstanding that Plaintiff's failures to obtain lawful service on the City were brought to Pickett's attention at the TRO hearing and in both of the City's motions, Pickett has wholly failed to cure the defects, has offered no good cause for his failures, and has shown no diligence even at this

necessary to protect their immediate interests.  This does not constitute a waiver.").

Moreover, in the first document it filed, *viz.*, its original Motion to Dismiss, the City reurged its objection to having not been lawfully served.  A defense of insufficient process or service of process, like the defenses of lack of personal jurisdiction and improper venue, may be waived if not timely raised in accordance with Rule 12(h), which requires such defenses to be raised in the first responsive pleading or the first Rule 12(b) motion.  FED. R. CIV. P. 12(h)(1); *see also* 1 JAMES WM. MOORE ET. AL., MOORE'S FEDERAL PRACTICE § 4.81[1] (3d. ed. 2000).  Here, the City did assert its defenses in the first document it filed, and again in its second Motion to Dismiss.  In sum, the City did not waive these defenses.

## Conclusion

The Court recognizes that it may enlarge the time for service even in the absence of good cause, *see* Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996), but the Court declines to do so here.  Plaintiff has not made even a minimal showing to warrant such leniency in this case.  Notwithstanding that Plaintiff's failures to obtain lawful service on the City were brought to Pickett's attention at the TRO hearing and in both of the City's motions, Pickett has wholly failed to cure the defects, has offered no good cause for his failures, and has shown no diligence even at this

late date--nearly eight months after the case was filed--to effect lawful service on the City. The City is therefore entitled to dismissal on the grounds of both insufficient process and insufficient service of process.

## III.  Order

It is therefore ORDERED that

Defendant City of Houston's Motion to Dismiss (Document No. 18) is GRANTED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 29th day of April, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE